# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ANTONIO STEELE,

        Petitioner,    :    Case No. 1:20-cv-600

- vs -        District Judge Susan J. Dlott
        Magistrate Judge Michael R. Merz

R. HUGGINS, WARDEN,
  Federal Correctional Center Gilmer,

                :
        Respondent.

## REPORT AND RECOMMENDATIONS

A year ago Petitioner Antonio Steele filed what purports to be a Petition for Habeas Corpus under 28 U.S.C. § 2241 (Petition, ECF No. 1).  Steele challenges his conviction in this Court in *United States v. Steele*, Case No. 1:16-cr-113. *Id.* at ¶ 4.

Magistrate Judge James Mazzone recommended that the Petition be dismissed without prejudice for lack of jurisdiction because Steele has an adequate remedy for his claim by way of a motion to vacate under 28 U.S.C. § 2255 (Report and Recommendations, ECF No. 22).  Over Steele's Objections (ECF No. 24), the District Court adopted the Report and dismissed the case without prejudice (ECF No. 25).  Steele appealed and the Fourth Circuit affirmed the dismissal but remanded the case with instructions to transfer it to this Court, which is the court of conviction. *Steele v. Huggins,* 808 Fed. Appx. 808 (4th Cir. Jun. 9, 2020)(unpublished; copy at ECF No. 33). The Fourth Circuit's mandate issued on August 3, 2020 (ECF No. 38) and the same day the case was transferred here pursuant to the mandate (ECF No. 39).  The Magistrate Judge reference in

the case was transferred to the undersigned as the Magistrate Judge who ordinarily handles post-conviction challenges to convictions in Judge Dlott's court (ECF No. 44).

The Fourth Circuit has held that Steele is not authorized to proceed under 28 U.S.C. § 2241 and that holding is binding on this Court. Steele has not previously filed a motion to vacate under 28 U.S.C. § 2255. *Pro se* litigants are entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). It seems to the Magistrate Judge that the most liberal construction of Steele's Petition is to treat it as if it had been originally made under 28 U.S.C. § 2255 and proceed on that basis.

The Fourth Circuit in its remand order noted the applicability of *Castro v. United States*, 540 U.S. 375 (2003). In that case the Supreme Court held:

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

540 U.S. at 377. Thus Steele has the right, of which he is hereby notified, to insist his Petition not be recharacterized as a motion to vacate under 28 U.S.C. § 2255. However, if he does so, the Magistrate Judge will recommend, as Magistrate Judge Mazzone did, that the case be dismissed for lack of jurisdiction.

Construed as a § 2255 Motion, Steele's Petition was untimely filed. His judgment of conviction was entered November 16, 2017 (ECF No. 31) and became final when he failed to appeal by the November 30, 2017, deadline. 28 U.S.C. § 2255(f) provides:

2

> A one-year statute of limitations shall apply to a motion under this section.  The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because the conviction became final November 30, 2017, the statute of limitations expired November 30, 2018, unless a later start date applies.  Steele did not file his Petition until August 16, 2019, more than eight months later.

Steele did file his Petition within one year of the Supreme Court's decision in *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided June 21, 2019.  Some § 2255 movants whose convictions became final prior to *Rehaif* have claimed the benefit of § 2255(f)(3) on the theory that *Rehaif* should be applied retroactively to cases on collateral review.  The Supreme Court in *Rehaif* made no comment on retroactivity, but it has provided the lower courts with standards on which to make that determination themselves.

Subject to two narrow exceptions, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule.  *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).   "Two exceptions to the *Teague* rule, however, permit the retroactive

3

application of a new rule whenever: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *In re Carl Green,* 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. at 396. A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original).

Certainly the rule announced in *Rehaif* is new in that many circuit courts of appeals had held a contrary view of 18 U.S.C. § 922(g). But *Rehaif* is not a substantive rule because it did not narrow the classes of person prohibited from possessing a firearm under § 922(g). Rather, *Rehaif* adopted a new rule of criminal procedure: it held the Government must prove that a defendant knew he was within a class of persons prohibited from possessing a firearm. *Rehaif* is also not a "watershed" rule of criminal procedure: the only such rule the Supreme Court has ever identified is that in *Gideon v. Wainwright*, 372 U.S. 335 (1963), which extended the right to appointed counsel to felony cases.

Even if Steele's Petition were timely and *Rehaif* were retroactive, Steele would not be entitled to relief. Count 1 of the Indictment, to which Steele pleaded guilty, alleged that prior to the date of his arrest, Steele had been convicted of the following crimes punishable by imprisonment for a term exceeding one year: Possession of Heroin, Trafficking in Cocaine, and Bribery, Case Number B1200705, Hamilton County (OH) Court of Common Pleas; Possession of Heroin, and

4

Having Weapons Under Disability, Case Number B1106465, Hamilton County (OH) Court of Common Pleas; Trafficking in Cocaine, Case Number B 1002807, Hamilton County (OH) Court of Common Pleas; Trafficking in Cocaine, Case Number B0510791, Hamilton County (OH) Court of Common Pleas; and Carrying a Concealed Weapon, Case Number B0502375, Hamilton County (OH) Court of Common Pleas (Indictment, ECF No. 1 in Case No. 1:16-cr-113).  In the Statement of Facts attached to the Plea Agreement, Steele admitted that the Government would be able to prove at trial beyond a reasonable doubt that he had been convicted of multiple felony crimes before his arrest in this case (Plea Agreement, ECF No. 17 in Case No. 1-16-cr-113, PageID 42).  The United States Constitution does not permit trial *in absentia* except for the rare case where a defendant absconds after trial begins.  Therefore anyone who has been convicted of a felony knows that fact.  Whether he knows that persons in that status are prohibited form possessing firearms is not at issue.  Lack of knowledge on that point would be ignorance of the law and not an excuse for violating it.

**Conclusion**

Construed as a motion to vacate under 28 U.S.C. § 2255, Steele's Petition should be dismissed with prejudice because it is barred by the statute of limitations and because it is without merit.  If Steele exercises his right under *Castro, supra,* to have the Petition read literally as being under 28 U.S.C. § 2241, the Magistrate Judge will probably recommend it be dismissed without prejudice for lack of jurisdiction.  If Steele wishes to exercise this latter option, he must do so no later than the date on which objections are due to the Report.

August 24, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

5

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.